## SCAGGS v. STATE.

Opinion delivered February 11, 1907.

APPEAL—WHEN ERRORS WAIVED.—The admission of erroneous evidence, to which appellant objected, will not be considered on appeal if appellant saved no exception to the court's ruling, and did not refer to the matter in his motion for new trial, nor in his brief filed on appeal.

Appeal from Logan Circuit Court; *Jeptha H. Evans,* Judge; affirmed.

*G. W. Barham,* for appellant.

*William F. Kirby,* Attorney General, and *Dan Taylor,* assistant for appellee.

1. The charge of the court as to the corroboration of the testimony of an accomplice was correct. 64 Ark., 247.

2. Continuances are matters within the discretion of the trial court, and unless this discretion is abused a refusal to continue is not ground for new trial. 26 Ark. 322; 41 *Id.* 153; 54 *Id.* 243; 57 *Id.* 165; 71 *Id.* 63.

3. The remark of the court to the jury was not prejudicial, and no exceptions were saved except in the motion for new trial. 7 La. Ann. 518; 89 N. C. 115; 108 *Id.* 65; 90 Wisc. 258.

RIDDICK, J. This is an appeal by the defendant, John Scaggs, from a judgment of the Logan Circuit Court for the Northern District convicting him of burglary and sentencing him to confinement in the State penitentiary for a term of three years.

We have examined the assignment of errors set out in the brief of counsel for appellant, and in our opinion none of them can be sustained. The instructions given by the court fairly and clearly presented the law of the case to the jury. The evidence is not set out in full in the bill of exceptions, only the substance thereof being stated, but so far as set out it shows that it was sufficient to sustain the judgment. There is only one ruling of the court that seems open to doubt, and this was made in reference to certain testimony of Dr. J. C. Harrod. This witness, who was called by defendant, related the circumstances under which the prosecuting witness, Attwood, had made the confession implicating himself and defendant in the crime. Dr. Harrod

said that after Attwood was arrested he was induced to make a confession by the officers and himself, who told Attwood that he had as well confess, for Scaggs had already told all about the matter." Scaggs, the defendant, had in fact told nothing, but Attwood, supposing from the statement of the officers that he had confessed, made a confession himself. Thereupon one of the jurors asked Harrod what caused him to suspect Scaggs? The defendant by his counsel objected to this question, but the court overruled the objection, and permitted the witness to answer. Witness then said that he believed that the defendant was guilty for the reason that defendant had said that Attwood had the McNabb pistol, and that they afterwards found the pistol in defendant's possession; that from this fact and the statement of Attwood he had drawn his conclusion of the guilt of defendant. Testimony had been introduced tending to show that the parties who committed the burglary had previously on the same night stolen McNabb's pistol, and had it with them at the time of the burglary. The pistol was fired while they were in the act of committing the burglary, and the hole made by the bullet in the floor and the bullet itself indicated that it came from a large pistol of the same caliber as the McNabb pistol. The fact that the defendant denied having this pistol, and that subsequently it was found in his trunk, tended to connect him with the burglary; but it was improper to permit this witness to give to the jury his opinion that the defendant was guilty, even though he accompanied the opinion with a statement of the facts on which the opinion was based. But, although defendant objected to this evidence, the transcript does not show that he saved any exceptions to this ruling of the court, nor is the matter referred to in his motion for a new trial or his brief filed in this court. We take it therefore that no importance was attached to this evidence in the trial court; that it was admitted through inadvertence, and would have been excluded, had the attention of the court been directly called to it by an exception or motion to exclude.

On the whole case we see nothing that would justify a reversal. The judgment is therefore affirmed.